UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-62333-CIV-DAMIAN/AUGUSTIN-BIRCH

**MT. HAWLEY INSURANCE COMPANY**,

    Plaintiff,

v.

**PLYMOUTH PLAZA, LLC**,

    Defendant.

_____/

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF NO. 115] AND ON DEFENDANT'S MOTION TO DISMISS [ECF NO. 108]**

**THIS CAUSE** is before the Court on the following pending matters:

- Defendant, Plymouth Plaza, LLC's, Motion to Dismiss for Lack of Jurisdiction, filed December 4, 2023 [ECF No. 108 ("Motion to Dismiss")];

- Plaintiff, Mt. Hawley Insurance Company's, Motion for Reconsideration of Order Adopting Report and Recommendations on Defendant's Motion to Dismiss, filed January 2, 2024 [ECF No. 115 ("Motion for Reconsideration")]; and

- The Magistrate Judge's Report and Recommendation on the Motion to Dismiss for Lack of Jurisdiction, filed March 21, 2024 [ECF No. 126 ("Report")].

THE COURT has reviewed the foregoing and all related briefings and submissions, including objections to the Report, and the pertinent portions of the record and is otherwise

fully advised. For the reasons that follow, this Court grants the Motion for Reconsideration and denies the Motion to Dismiss as moot.

## I. BACKGROUND

The background facts have been set forth numerous times in this case by the parties and the Court. They are, therefore, summarized here with a focus on the matters relevant to the issues now before the Court.

### A. *The Insurance Policy And State Court Lawsuit*.

Plymouth Plaza owns a commercial property in Clearwater, Florida, which includes a parking garage. In 2021, Plymouth Plaza was in the process of conducting repairs on the parking garage. On December 15, 2021, while the repairs were under way, Plymouth Plaza submitted an application for a commercial general liability policy to Mt. Hawley for the Clearwater commercial property. Mt. Hawley issued commercial general liability policy to Plymouth Plaza, for a coverage period of December 17, 2021, to December 17, 2022. A copy of the policy is attached to Mt. Hawley's Second Amended Complaint. [ECF No. 38-4]. The policy carries a per-occurrence limit of $1 million, subject to a general aggregate limit of $2 million. *Id.* at 15.

On December 20, 2021, three days after the policy went into effect, Mitchel Klock was working in a stairwell of the parking garage when the stairwell collapsed, killing Klock. On February 17, 2022, Klock's estate and surviving relatives filed a tort action against Plymouth Plaza and ZFC Real Estate, LLC, the management company for the Clearwater property, styled *Klock v. Plymouth Plaza LLC*, No. 50-2022-CA-001551-XXXX-MB, in the 15th Judicial Circuit in and for Palm Beach County, Florida (the "state court action").

Plymouth Plaza notified Mt. Hawley of the accident and of the lawsuit and sought coverage, including defense coverage in the state court action.

   **B.**  ***Mt. Hawley's Agreement To Defend Plymouth Plaza***.

Mt. Hawley determined that Plymouth Plaza had made misrepresentations in its insurance application and that, based on this and several other issues, there was no coverage for the incident or the lawsuit. Nevertheless, on March 23, 2022, Mt. Hawley issued a letter agreeing to defend Plymouth Plaza in the state court action pursuant to the insurance policy, subject to a full reservation of rights under the policy and applicable law. Mt. Hawley's Reservation of Rights Letter is attached to the Second Amended Complaint. [ECF No. 38-6].

The Reservation of Rights Letter states that Mt. Hawley reserved the right to seek reimbursement from Plymouth Plaza "for any indemnity or expense paid, including defense costs, incurred in connection with any uncovered or excluded claims if it is determined that we had no obligation to pay those amounts." *Id*. at 11. The policy itself also includes a "Defense and Tender of Limits Endorsement," which provides: "If we defend any insured but later determine that we have no duty to defend, we will have the right to reimbursement from that insured for all defense costs and expenses, including attorney's fees, we have incurred." [ECF No. 38-4 at 57]. The "Defense and Tender of Limits Endorsement" further provides: "We may offer to any insured who is a defendant in a 'suit' the full available and applicable Limits of Insurance, which shall extinguish our duty to defend and, upon payment, shall extinguish our duty to indemnify any insured." *Id*.

3

Plymouth Plaza did not object to the reservation of rights or the terms of Mt. Hawley's defense. Mt. Hawley retained the law firm of Cole, Scott & Kissane, P.A. ("CSK") to defend Plymouth Plaza.

### C.     *The Settlement Of The State Court Action.*

On May 20, 2022, the plaintiffs in the state court action served a time-limited settlement demand, requesting that Mt. Hawley tender the $1 million per-occurrence policy limit to resolve the case. A copy of the demand is attached to the Second Amended Complaint. [ECF No. 38-7]. Mt. Hawley alleges that Plymouth Plaza, through counsel, repeatedly demanded that Mt. Hawley tender full policy limits to settle the matter. Mt. Hawley ultimately agreed to settle the state court action by paying $1 million. Plymouth Plaza's counsel participated in finalizing the final settlement and release documents.

On June 6, 2022, before the settlement was finalized and before the state court action was dismissed, Mt. Hawley filed a declaratory judgment action in the District Court for the Southern District of New York, seeking a declaration that it did not have a duty to defend or indemnify Plymouth Plaza in the state court action. *See Mt. Hawley Insurance Company v. Plymouth Plaza, LLC*, Case No. 22-cv-04682 (S.D.N.Y. June 6, 2022). On June 13, 2022, Mt. Hawley paid its policy limits to settle the state court action.

## II. PROCEDURAL HISTORY

### A.     *The Instant Lawsuit.*

On December 13, 2022, Mt. Hawley dismissed the New York declaratory judgment action and filed the instant lawsuit in this Court. The case was initially assigned to Judge Rodolfo A. Ruiz II. Judge Ruiz held a hearing during which the Court addressed issues

4

raised by Plymouth Plaza regarding Mt. Hawley's complaint, including the fact that Mt. Hawley did not get a signed non-waiver letter from Plymouth Plaza before paying the settlement amount. [ECF No. 31]. On April 11, 2023, Judge Ruiz granted leave for Mt. Hawley to file a second amended complaint. [ECF No. 32]. On April 20, 2023, Judge Ruiz recused, and the case was reassigned to Judge Kathleen Williams. [ECF No. 33].

Mt. Hawley filed a Second Amended Complaint and then a Corrected Second Amended Complaint on April 28, 2023, which is now the operative pleading. [ECF No. 38]. In the Second Amended Complaint, Mt. Hawley asserts five (5) causes of action: declaratory judgment that Mt. Hawley owes no duty to defend or indemnify (Count I); recoupment of defense costs incurred in the state court action (Count II); recoupment of indemnity paid in the state court action (Count III); recoupment of indemnity paid in the state court action based on equitable subrogation (Count IV); and recoupment of indemnity paid in the state court action based on unjust enrichment (Count V).

**B.     *Plymouth Plaza's Motion To Dismiss The Second Amended Complaint.***

Plymouth Plaza renewed its motion to dismiss [ECF No. 42], and Judge Williams referred the motion to Magistrate Judge Panayotta D. Augustin-Birch. [ECF No. 43]. Judge Augustin-Birch issued a Report and Recommendation on August 29, 2023, recommending that Counts II through V of the Second Amended Complaint (the recoupment claims) be dismissed. [ECF No. 69]. Judge Augustin-Birch found that Mt. Hawley's recoupment claims in Counts III through V, in which Mt. Hawley seeks recoupment of the settlement payment, are precluded because Mt. Hawley did not obtain a non-waiver agreement before settling the state court action, and Mt. Hawley's Reservation

5

of Rights Letter was not the functional equivalent of a non-waiver agreement. Judge Augustin-Birch also concluded that the confession of judgment rule and the anti-subrogation rule provide further support a finding that Florida law precludes an insurer from seeking reimbursement of indemnity payments from its policyholder after settling a claim without a non-waiver agreement and, as such, recommended dismissal of Counts III through V. Citing unsettled but instructive law, Judge Augustin-Birch also determined that Mt. Hawley could not seek reimbursement from its insured of defense costs expended in defending its insured in the state court action and, thus, recommended dismissal of Count II.

Mt. Hawley filed objections to the Report and Recommendation. [ECF No. 75]. Mt. Hawley then filed a notice of supplemental authority on October 5, 2023, and attached a copy of the decision in *Travelers Property Casualty Company of America v. Barkley*, No. 16-61768-CIV, 2017 WL 3593953 (S.D. Fla. Aug. 21, 2017) (Altonaga, J.) ("*Barkley*"), in support of its objections to the Report and Recommendation. [ECF No. 84].

On November 22, 2023, Judge Williams entered an Order adopting the Report and Recommendation. [ECF No. 103]. Mt. Hawley filed a motion for reconsideration on January 2, 2024, seeking reconsideration of the Order of Dismissal as to Count II, which seeks recoupment of defense costs only. [ECF No. 115].

C.     ***Plymouth Plaza's Motion To Dismiss Count I For Lack Of Jurisdiction.***

Following the Order of Dismissal of Counts II–V of the Second Amended Complaint, on December 4, 2023, Plymouth Plaza filed a motion to dismiss the remaining Count I on grounds the Court now lacks subject matter jurisdiction as there is no longer a

6

case or controversy. [ECF No. 108]. On March 21, 2024, Judge Augustin-Birch recommended that the Motion to Dismiss Count I be granted. [ECF No. 126].

On March 29, 2024, the case was reassigned to the undersigned. [ECF No. 127]. On May 3, 2024, the parties appeared before the Court for a Status Conference during which the Court heard argument from the parties regarding the pending motions and ordered additional briefing on Mt. Hawley's motion for reconsideration. [ECF Nos. 143 and 144]. The Motion for Reconsideration [ECF No. 115] and the Motion to Dismiss Count I [ECF No. 108] are ripe for consideration.

### III. LEGAL STANDARDS

#### A. *Motion to Dismiss Based On Lack Of Subject Matter Jurisdiction.*

"The federal courts are confined by Article III of the Constitution to adjudicating only actual 'cases' and 'controversies.'" *Malowney v. Fed. Collection Deposit Grp.,* 193 F.3d 1342, 1346 (11th Cir. 1999) (citation omitted).

"The Declaratory Judgment Act, 28 U.S.C. § 2201, echoing the case or controversy requirement of [A]rticle III of the Constitution provides that a declaratory judgment may only be issued in the case of an actual controversy." *Walden v. Ctrs. for Disease Control and Prevention*, 669 F.3d 1277, 1284 (11th Cir. 2012) (quoting *Emory v. Peeler*, 756 F.2d 1547, 1551–52 (11th Cir. 1985) (internal quotation marks omitted)). "That is under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." *Emory*, 756 F.2d at 1552. In addition, "[i]n order to demonstrate that a case or controversy exists . . . when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that [it] will

7

suffer injury in the future." *Malowney*, 193 F.3d at 1346. Thus, "in order for this Court to have jurisdiction to issue a declaratory judgment, which is the only redress sought" in Counts I and II, Plaintiff "must assert a reasonable expectation that the injury . . . [it has] suffered will continue or will be repeated in the future." *Id.* at 1347.

      B.    *Motion For Reconsideration.*

"The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion." *Pena v. U.S. Coast Guard Seventh Dist.*, No. 18-23188-Civ, 2019 WL 6210959, at *1 (S.D. Fla. Nov. 21, 2019) (Scola, J.) (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1023–24 (11th Cir. 2000)). "[T]he grant of a motion to reconsider is an extraordinary remedy employed sparingly." *F & G Rsch., Inc. v. Google Inc.*, No. 06-60905-CIV, 2007 WL 2774031, at *5 (S.D. Fla. Sept. 21, 2007) (Altonaga, J.) (citations omitted). Courts will deny a motion for reconsideration unless there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citations omitted). It is well established that arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration. *F & G Rsch.*, 2007 WL 2774031, at *5 (citation omitted).

For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). There is a badge of dependability necessary to advance the case to the next stage. *Id.* (citing *Kuenz v. Goodyear Tire & Rubber Co.*, 617 F. Supp. 11, 14 (N.D. Ohio 1985)).

8

When, as here, a case is transferred from one district judge to another, "the parties should not treat the transfer as an opportunity to relitigate all of the first judge's rulings." *Tech. Res. Servs., Inc. v. Dornier Med. Sys., Inc.*, 134 F.3d 1458, 1465 n.9 (11th Cir. 1998) (citing *United States v. Williams*, 728 F.2d 1402, 1406 (11th Cir. 1984)). However, as the Eleventh Circuit instructs, "the subsequent judge should never be bound by an erroneous ruling of law." *Williams*, 728 F.2d at 1406. As such, the second district judge may reconsider the first judge's rulings when final judgment has not yet been entered. *See Tech. Res. Servs.*, 134 F.3d at 1465; *Robinson v. Parrish*, 720 F.2d 1548, 1550 (11th Cir. 1983); *Gregg v. U.S. Indus., Inc.*, 715 F.2d 1522, 1530, *clarified on reh'g,* 721 F.2d 345 (11th Cir. 1983), *cert. denied*, 466 U.S. 960 (1984).

## IV. ANALYSIS

This Court finds that an error has occurred, and, therefore, that reconsideration of the Order granting Plymouth Plaza's renewed Motion to Dismiss is warranted. That is, careful review of the record reflects that Plymouth Plaza, which sought dismissal of Mt. Hawley's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), offered no authority supporting its argument that Mt. Hawley failed to state a plausible claim for relief in Count II of the Second Amended Complaint.

On a Rule 12(b)(6) motion to dismiss, "[t]he moving party bears the burden to show that the complaint should be dismissed." *Mendez–Arriola v. White Wilson Med. Ctr. PA*, No. 3:09cv495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010). The movant must support its arguments for dismissal with citations to legal authority. S.D. Fla. L.R. 7.1(a)(1). Where a defendant seeking dismissal of a complaint under Rule 12(b)(6) does not provide legal

9

authority in support of its arguments, it fails to satisfy its burden of establishing its entitlement to dismissal. *See Superior Energy Servs., LLC v. Boconco, Inc.,* No. CA 09–0321, 2010 WL 1267173, at *5–6 (S.D. Ala. Mar. 29, 2010); *United States v. Vernon*, 108 F.R.D. 741, 742 (S.D. Fla. 1986).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). And, a court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

In Count II of the Second Amended Complaint, Mt. Hawley seeks to recoup defense costs it expended in defending Plymouth Plaza in the state court action under a Reservation of Rights. The Magistrate Judge engaged in a thorough review and analysis of the arguments and legal authority offered by the parties regarding Mt. Hawley's claims in Counts III through V for recoupment of the settlement payment it made in the state court action. With respect to Mt. Hawley's claim for recoupment of defense costs, however, the

Magistrate Judge acknowledged, "The parties cite no caselaw specifying whether an insurer is entitled to recoup its defense costs from its insured in such a scenario [as presented here]." [ECF No. 69 at 17]. The Magistrate Judge recommended that the claim for recoupment of defense costs be dismissed despite Plymouth Plaza's failure to cite authority dictating that such a result was warranted. This Court finds that this conclusion is inconsistent with the Court's role at the motion to dismiss stage, where the Court "must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff." *See Chaparro*, 693 F.3d at 1337; *Miccosukee Tribe of Indians of Fla.*, 304 F.3d at 1084; *AXA Equitable Life Ins. Co.*, 608 F. Supp. 2d at 1353. This is especially true because Plymouth Plaza, as the movant, bore the burden of establishing its entitlement to dismissal, and, in the absence of authority supporting its Motion on this Count, failed to satisfy its burden.

This Court takes no position as to whether Mt. Hawley will be able to demonstrate that it is entitled to recoup its defense costs under the circumstances. At this juncture, this Court instead finds that Plymouth Plaza did not satisfy its burden to demonstrate that there is no plausible claim for such relief available under applicable law. And, as such, accepting the allegations in the Second Amended Complaint as true, it cannot be said that Mt. Hawley has not stated a plausible claim for relief in Count II. The determination of whether it may prevail on its claim in Count II is best left for determination following discovery concerning the circumstances upon which Mt. Hawley seeks such relief.

## V. CONCLUSION

For the reasons set forth above, this Court finds that reconsideration of the Court's Order dismissing Count II of the Second Amended Complaint [ECF No. 103] is warranted. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Mt. Hawley's Motion for Reconsideration **[ECF No. 115]** is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that, upon reconsideration of the Court's Order Granting in Part and Denying in Part Plymouth Plaza's Motion to Dismiss **[ECF No. 103],** Plymouth Plaza's Motion to Dismiss **[ECF No. 42]** is **DENIED as to Count II**. It is further

**ORDERED AND ADJUDGED** that Plymouth Plaza's Motion to Dismiss for Lack of Jurisdiction **[ECF No. 108]** is **DENIED AS MOOT** and the Report and Recommendation on Plymouth Plaza's Motion to Dismiss **[ECF No. 126]** is **TERMINATED** in light of the foregoing ruling. It is further

**ORDERED** that this case is **REINSTATED** to the Court's active docket. Plymouth Plaza shall file an Answer to the remaining Counts (I and II) of the Second Amended Complaint within **fourteen (14) days** of the date of this Order.

This Court will enter a pretrial and trial schedule by separate order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 11th day of October, 2024.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of record