UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MT. HAWLEY INSURANCE COMPANY,          CASE NO. 0:22-cv-62333-MD

        Plaintiff,

v.

PLYMOUTH PLAZA, LLC,

        Defendant.

_____/

**PLYMOUTH PLAZA, LLC'S OMNIBUS REPLY IN FURTHER SUPPORT OF ITS MOTION FOR AWARD OF TAXABLE COSTS [DE 312] AND ITS MOTION TO DETERMINE ENTITLEMENT TO AN AWARD OF ATTORNEYS' FEES AND NON-TAXABLE EXPENSES AND COSTS [DE 309]**

Defendant Plymouth Plaza, LLC ("Plymouth"), hereby files its Omnibus Reply in Further Support of Its Motion For Award of Taxable Costs [DE 312] (the "Costs Motion") and its Motion To Determine Entitlement to An Award of Attorneys' Fees and Non-Taxable Expenses and Costs [DE 309] (the "Fee Entitlement Motion"), and in support thereof states as follows:

In its responses to the Costs Motion and the Fee Entitlement Motion, Mt. Hawley Insurance Company ("Mt. Hawley") largely ignores the robust legal precedent relied upon by Plymouth, and instead focusses its efforts on rearguing the merits of its underlying claims, which this Court already has rejected, in a misguided effort to appeal to "equity." The equities here favor Plymouth, which had to expend significant sums in attorneys' fees and costs to defend against claims without legal or factual merit. Mt. Hawley's other arguments fail for the following reasons:

First, Mt. Hawley fails to address Plymouth's arguments in the Fee Entitlement Motion (at pp. 4-8) regarding why the endorsement language does not clearly preclude the application of Florida Statutes Section 626.9373 or 768.79. Instead, Mt. Hawley's authorities stand for irrelevant and unremarkable propositions. See, e.g., Delta Health Group, Inc. v. Royal Surplus Lines Ins. Co., 327 Fed. Appx. 860 (11th Cir. 2009) (explicit contractual provision allowing insurer to collect

fees upon suing for payment of its deductible held enforceable); Nautilus Ins. Co. v. All Insurance Restoration Services Inc., 2021 WL 2153816 (N.D. Fla. May 27, 2021) (dismissal without prejudice on procedural grounds did not grant an entitlement to recovery of fees); Yellow Pages Photos, Inc. v. Ziplocal, LP, 846 F.3d 1159 (11th Cir. 2017) (enforcing contractual language awarding prevailing party fees and costs); Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach, 353 F.3d 901 (11th Cir. 2003) (enforcing attorney fee provisions in settlement agreement).

Second, Mt. Hawley fails to explain to the Court why the "true relief" exception to the Diamond Aircraft Indust., Inc. v. Horowitch, 107 So.3d 362 (Fla. 2013) rule concerning equitable claims does not apply here, where Mt. Hawley's case was all about reimbursement of money. (See Fee Entitlement Motion at pp. 8-10).  Mt. Hawley relies upon authorities in which – unlike here – the true relief sought was equitable, not legal. See, e.g., Cornelius v. Haywood, 2025 WL 2921977 (Fla. 4th DCA Oct. 15, 2015) (acknowledging "true relief" exception, but finding it inapplicable where relief sought included the equitable remedy of setting aside a will and certain transfers); Highland Holdings, Inc. v. Mid-continent Casualty Co., 725 Fed. Appx. 906 (11th Cir. 2018) (acknowledging "true relief" exception, but finding it inapplicable where initial claim only sought declaration of coverage, and even after amendment, the court held there were "two independent significant claims," including one for equitable relief). Here, by contrast, and as detailed in the Fee Entitlement Motion, the "true relief" Mt. Hawley sought was money.  Mt. Hawley's Counts II, III, IV and V seek money, and its Count I is merely a predicate to seeking money.

Mt. Hawley's argument that all of its counts seek equitable relief because its Corrected Second Amended Complaint seeks "restitution" is in error.  The "restitution" sought by Mt. Hawley is the claw-back of money. By contrast, rescission is the "unmaking of a contract for a legally sufficient reason," or an "agreement by contracting parties to discharge all remaining duties

of performance and terminate the contract." *Recission*, Black's Law Dictionary (9th ed. 2009). Indeed, the authorities relied upon by Mt. Hawley do not support its position and instead highlight why its restitution claims are legal, not equitable. See Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 212-14 (1982) (insurer's restitution claim for reimbursement of benefits recovered by insured from third party deemed an action at law where it sought money and not a constructive trust or an equitable lien); Duty Free World, Inc. v. Miami Perfume Junction, Inc., 253 So.3d 689, 695-98 (Fla. 3rd DCA 2018) (unjust enrichment claim deemed legal, not equitable, where plaintiffs alleged that they had conferred a benefit upon the defendants by paying for specific purchase orders and alleged that it would have been inequitable for the defendants to have retained the plaintiffs' monies).[1]

Further, the fact that Mt. Hawley's claims sought payment plus interest confirms that the claims are legal, not equitable. See U.S. Commodity Futures Trading Commission v. Escobio, 946 F.3d 1242, 12534-54 (11th Cir. 2020) ("the final judgment required Escobio to pay approximately $1.5 million within ten days, subject to accruing interest. That is a classic money judgment. . . . [t]he District Court prescribed § 1961 post-judgment interest on the award, which it could do only on a money judgment. Section 1961(a) allows interest on "any money judgment," but does not affect the interest imposed on other judgments. 28 U.S.C. § 1961(c)(4)).

---

[1] See also M.I. Indus. USA Inc. v. Attorneys' Title Ins. Fund, Inc., 6 So.3d 627, 629 (Fla. 4th DCA 2009) ("this court has squarely held that an action for unjust enrichment is an action at law"); American Safety Ins. Serv., Inc. v. Griggs, 959 So.2d 322, 331 (Fla. 5th DCA 2007) (compensatory damages under a claim for quasi contract cannot be awarded simply by appealing to the court's powers in equity; "an action for unjust enrichment is an action at law, not in equity"); Della Ratta v. Della Ratta, 927 So.2d 1055, 1060 (Fla. 4th DCA 2006) (finding that claim seeking an award of damages for unjust enrichment measured by the value of the repairs and capital improvements made to condominium "was an action at law" for damages).

3

<u>Third</u>, Mt. Hawley's contention that the Costs Motion and the Fee Entitlement Motion should be denied for procedural grounds is incorrect for multiple reasons. By way of background, Plymouth advised Mt. Hawley in advance of making its Costs Motion not only that it would be seeking its costs but the precise amount that would be sought, and attached all of its supporting documentation. (<u>See</u> **Exhibit 1**). By separate email, Plymouth then advised Mt. Hawley that it intended to seek an order granting it an entitlement to recover its fees and non-taxable costs pursuant to Florida Statutes 626.9373 and 768.79 without submitting fee detail to determine an amount. (<u>See</u> **Exhibit 2**). In response, and prior to Plymouth filing either the Costs Motion or the Fee Entitlement Motion, Mt. Hawley's counsel contested Plymouth's relief, responding, among other things, that it contested <u>any entitlement</u> by Plymouth to fees or costs because (i) Plymouth was not "a traditional 'prevailing' party"; (ii) the policy language superseded the statutory protections; and (iii) the equities supposedly disfavored an award of costs. (<u>See</u> **Exhibit 3**). Despite the fact that Mt. Hawley was sanctioned for discovery abuses multiple times (Plymouth was not), Mt. Hawley also asserted that Plymouth could not recover its costs due to alleged abuse of the discovery process. (<u>See</u> **Exhibit 3**).

As to fees, service of a draft motion seeking entitlement would have been pyrrhic given that Mt. Hawley announced it would contest any entitlement whatsoever on multiple grounds. Moreover, it is clear from Local Rule 7.3 that the purpose of a good faith conferral is to disclose the details governing the quantum of damages sought, such as the amount sought; fee agreements; timekeeper experience and qualifications; the number of hours expended; hourly rates; tasks performed; non-taxable cost invoices for which fees are sought, and similar information. The respondent then must identify each entry to which it objects. <u>See</u> Local Rule 7.3. These considerations obviously are not present when entitlement only is sought. Nor can there be any

doubt that Plymouth may seek a determination as to its entitlement to fees in advance of, and separate from, a determination as to the quantum of those fees and non-taxable costs. See Fee Entitlement Motion at p. 3, Local Rule 7.3(a) and Federal Rule of Civil Procedure 54(d)(2)(c).

Federal Rule of Civil Procedure 42(b) states that the Court may order "a separate trial of one or more separate issues" in the interest of "convenience, to avoid prejudice, or to expedite and economize." In this case, given that Mt. Hawley has already filed a notice of appeal, it would be prejudicial to Plymouth for it to have to submit copies of its invoices potentially revealing attorney-client communications and work product for the Court to determine the amount of fees. Mt. Hawley has stated no prejudice to it in bifurcating the entitlement question from the fee calculation. Further, assuming that Plymouth is successful in the appeal, it will be entitled to recover additional fees, which would require the Court to recalculate the fee award and result in a waste of scarce judicial resources.

Even if Mt. Hawley were correct that Plymouth fell short in its compliance with Rule 7.3, strict compliance with the rules is not required where there is no prejudice to Mt. Hawley. See, e.g., Kowalski v. Jackson Nat. Life Ins. Co., No. 12-60597-CIV, 2014 WL 4101567, at *4 (S.D. Fla. Aug. 20, 2014) (holding that the Court has discretion whether to require strict adherence to Local Rule 7.3 and applying such discretion where the party seeking denial of the motion has identified no prejudice suffered from the alleged local rules violation). As stated above, Mt. Hawley made it clear that it was opposing any award of fees or costs to Plymouth, and so no matter what process Plymouth followed, the Costs Motion and the Fee Entitlement Motion would be necessary to resolve this dispute. Indeed, after receiving Plymouth's motions, Mt. Hawley's responses largely ignored Plymouth's points, demonstrating the futility of providing a draft of the brief to Mt. Hawley ahead of filing it.

5

Mt. Hawley's remaining procedural arguments (DE 316 at pp. 13-16) all miss their mark. Plymouth did not improperly condition its offers of judgment on dismissal, and Mt. Hawley cites no case law in support. Plymouth did not assert any counterclaims and Mt. Hawley's assertion that it could not have resolved the lawsuit without Plymouth's consent (or its implicit suggestion that Plymouth would not have agreed to dismissal) is incorrect.

Mt. Hawley's unsupported assertion that Plymouth's second proposal for settlement was untimely (Mt. Hawley does not contest the timeliness of Plymouth's initial proposal) is illogical. This case was never tried. At the time Plymouth served its second Proposal for Settlement on October 16, 2024, the case was set for trial during the Court's two-week trial calendar beginning on February 26, 2024. Thus, Plymouth's second Proposal for Settlement was served more than 45 days prior to the trial date set at the time.

The fact that Plymouth increased the amount offered in its second proposal for settlement from $20,000 to $105,000 after many of Mt. Hawley's claims were dismissed demonstrates a proper proposal made in good faith. Following this Court's dismissal of Counts III, IV, and V of Mt. Hawley's Corrected Second Amended Complaint, Mt. Hawley's remaining claim, under Count II, for reimbursement of legal fees and costs, sought only $58,041.35, according to Mt. Hawley's initial disclosures (**Exhibit 4**). Plymouth's offer to settle at nearly twice the value of Mt. Hawley's operative claim demonstrates a good faith attempt to resolve a dispute that was costing both sides much more in attorneys' fees than the claims were worth. This is exactly what the Proposal for Settlement statute is designed to curtail – irrationally expensive litigation that becomes disconnected from the value of the case.

As far as the amounts of the proposals for settlement, neither was nominal and both were commensurate with the value of the case, as reflected in rulings early in the case supporting

6

Plymouth's view that Mt. Hawley's claims stood on shaky legal ground. The obligation of good faith merely insists that the offeror have some reasonable foundation on which to base an offer. See, e.g., McMahan v. Toto, 311 F.3d 1077, 1083 (11th Cir. 2002) ($100 proposal for settlement held enforceable). A defendant's good faith belief that it has meritorious defenses justifies even a nominal offer.  See, e.g., City of Miami v. Bencomo, 333 So.3d 758 (Fla. 3d DCA 2022) (finding an abuse of discretion in failing to award fees and costs on bad faith grounds, where the city had meritorious sovereign immunity defense); Citizens Property Ins. Corp. v. Perez, 164 So.3d 1 (Fla. 4th DCA 2014) (nominal offer was a good faith offer where defendant had meritorious defense based on four year delay in reporting hurricane damage); Sharaby v. KLV Gems Co., Inc., 45 So.3d 560 (Fla. 4th DCA 2010) (defendant's nominal proposal for settlement was made in good faith where he believed he had no liability to plaintiff).  In determining good faith, the Court must take all surrounding circumstances into consideration.  State Farm Mut. Auto. Ins. Co. v. Sharkey, 928 So.2d 1263, 1264-65 (Fla. 4th DCA 2006). The burden of showing an absence of good faith is on the party challenging the proposal for settlement.  McMahan, 311 F.3d at 1083; Gawtrey v. Hayward, 50 So.3d 739, 742 (Fla. 2d DCA 2010).

      Here, Plymouth believed from the outset that it has meritorious legal and factual defenses, all of which proved true.  Mt. Hawley had no valid legal basis to claw back its indemnity payment, for various alternative reasons, as determined by the Court in dismissing Counts III, IV and V, including, among other things, the lack of a non-waiver agreement. See DE 69 at 9-14.  Nor did Plymouth believe Mt. Hawley had any broader rights to claw back its defense costs, because its defense obligations are broader than its indemnity obligations, and on the basis of Canal Ins. Co. v. SP Transport, Inc., 272 F. App'x 825 (11th Cir. 2008); see also DE 69 at 16-18.

      More to the point, as a matter of fact, the crux of Mt. Hawley's allegations is that Plymouth

made <u>knowing misrepresentations</u> in its insurance application, and that lynchpin allegation was false from inception, as Plymouth knew, and as demonstrated by the Court's findings on summary judgment, <u>see</u> DE 306 at 16-19 (in addition to the other numerous factual and legal defenses of which Plymouth was aware from prior to the time when it made its initial proposal for settlement). Mt. Hawley thus has not met its burden of showing bad faith. Indeed, the fact that Mt. Hawley's case was dismissed proves the point:

> The argument . . . that [the offeror] lacked any reasonable basis for believing that he would prevail against them ignores the inconvenient fact that he did prevail against them. To accept in the same case in which a party did prevail the notion that there was no reasonable basis for that party prevailing would require self-contradiction on a scale that we are unwilling to consider.

<u>McMahan</u>, 311 F.3d at 1083-84.

As to costs, in its correspondence with Mt. Hawley, Plymouth represented that it would move pursuant to 28 U.S.C. Section 1920 (which applies to taxable costs only); Plymouth provided its Section 1920 affidavit form in draft to Mt. Hawley; and Plymouth identified its taxable costs by category and item, including back-up. <u>See</u> **Exhibit 1**. Thus, Plymouth substantially complied with the rules in a good faith effort to resolve the cost dispute.[2]

<u>Fourth</u>, Mt. Hawley's meritless suggestion that Plymouth has the burden to show how each of the deposition transcripts was necessary to its defense of Mt. Hawley's claims is belied by Mt. Hawley's own cases. "A prevailing party is entitled to its own costs unless the District Court has some special reason to deny the costs." <u>Saulsberry v. Elder</u>, 2024 WL 2848690 at *3 (S.D. Fla. May 10, 2024). "When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is

---

[2] In any event, if the Court finds any error in the motion for costs, Plymouth should be permitted to refile its request. See <u>Saulsberry v. Elder</u>, 2024 WL 2848690 at *3 (S.D. Fla. May 10, 2024).

within the exclusive knowledge of the prevailing party." Landa v. Aon Corp., 2025 WL 1118434 at *1 (S.D. Fla. March 14, 2025) (internal citation omitted).

Deposition costs are permitted as taxable costs "so long as the deposition was wholly or partially necessarily obtained for us in the case." Clear Spring Property & Casualty Co. v. Wello and Mom, LLC, 2025 WL 1754617 at *2 (S.D. Fla. Mar. 31, 2025). "Necessity," contrary to Mt. Hawley's suggestion, does not mean "necessary for summary judgment." Instead, the standard is satisfied if the deposition was necessity to ascertain the facts of the case, Joseph v. Nichell's Caribbean Cuisine, Inc., 950 F. Supp.2d 1254, 1258 (S.D. Fla. 2013), or if it was necessary to counsel's effective performance and proper handling of the case. Ledbetter v. S.T.A.R. Sec. Corp., 2021 WL 6135183 at * 2 (S.D. Fla. June 24, 2021). The depositions at issue here all satisfy this standard. All of them were taken for the purposes of the case and discovering facts pertinent to the case. Several of the depositions were noticed by Mt. Hawley (Katz; Freidus; Forgue; Cantrell; Ramcharan) and cannot be objected to. Of those noticed by Plymouth, all but two were referenced within Plymouth's summary judgment briefing (Y.A. Engineering; Brownell; Marsh; Korson; White). Of the remaining two deposition transcripts, one -- Mary Ralston -- was designated as a 30(b)(6) deponent by Mt. Hawley itself and was noticed as such. (See **Exhibit 4**). The remaining deponent, Majestic Service Company, had been retained by Mt. Hawley to inspect the premises within weeks of the incident. Mt. Hawley complains that the Kotara deposition was relevant to the property claim but not the liability claim, but the Court already rejected this argument when it compelled Mt. Hawley to produce a 30(b)(6) witness on Mt. Hawley's handling of the property claim, which testimony the Court determined could be relevant to the question of why Mt. Hawley paid the property claim and did not seek to claw back the payment like it did with the liability payment. See DE 214 at 4.

9

To the extent that Mt. Hawley complains that the $3,000 cost associated with producing Elliot Katz's documents is not compensable, Plymouth points out that Katz's documents had been gathered previously by Cole Scott & Kissane, a law firm that Mt. Hawley retained to represent Plymouth in the underlying lawsuit. Contrary to Mt. Hawley's suggestion, the costs of storing those documents on an electronic database was not within the amounts sought in the Costs Motion. Instead, the costs included loading the documents on a separate database for searching and extraction. While these costs are properly compensable, upon review of case-law, Plymouth stipulates that the costs associated with this effort are more properly categorized as non-taxable costs, and will be sought by Plymouth within its fees and non-taxable costs at such time as they are presented to the Court.

Finally, Mt. Hawley's persistent re-argument of the underlying facts (DE 315 at pp. 2-3; DE 316 at pp. 2-3, 15-19) -- which is irrelevant to the Costs Motion and the Fee Entitlement Motion -- will not be addressed here. Notwithstanding, it is precisely Mt. Hawley's persistent advancement of irrelevant and meritless positions that has caused Plymouth to expend fees and costs that should not have been necessary to litigate this case to conclusion.

Therefore, Plymouth respectfully requests this Court enter an order establishing Plymouth's entitlement to attorneys' fees and non-taxable costs from Mt. Hawley, taxing costs against Mt. Hawley in the amount of $21,128.90 (the amount sought in Plymouth's Bill of Costs minus the $3,000 cost associated with producing Elliot Katz's documents), and granting all other and further relief the Court deems just and appropriate.

Respectfully submitted on December 29, 2025,

|  | FRIEDMAN P.A. <br><br> */s/ Robert H. Friedman* <br> Robert H. Friedman |
|---|---|

10

|  | Florida Bar No. 25994<br>rob@friedmanpa.com<br>230 Sunrise Avenue, Suite B-202<br>Palm Beach, FL 33480<br>Telephone: (561) 800-2110<br>Facsimile: (561) 246-3413<br><br>DBR LAW, P.A.<br>Daniel B. Rosenthal, Esq.<br>Florida Bar No. 711934<br>1900 Glades Road, Suite 270<br>Boca Raton, Florida 33431<br>Telephone:   (561) 853-0991<br>daniel@dbrlawfirm.com<br>rose@dbrlawfirm.com<br><br>*Counsel for Defendant Plymouth Plaza, LLC* |
|---|---|

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of December, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send a notice of electronic filing via the Court's ECF system to all counsel of record.

       */s/ Robert H. Friedman*
       Robert H. Friedman
       Florida Bar No. 25994
       rob@friedmanpa.com
       230 Sunrise Avenue, Suite B-202
       Palm Beach, FL  33480
       Telephone:     (561) 800-2110
       Facsimile:      (561) 246-3413