| | |
|---|---|
| From: | "Fay Ryan" <fryan@butler.legal> |
| To: | "Daniel Rosenthal" <daniel@dbrlawfirm.com> |
| | rob@friedmanpa.com |
| Date: | 11/25/2025 8:34:14 PM |
| Subject: | MTH Response based on existing submission/ MT. Hawley v. Plymouth Plaza: Costs Sought pursuant to 28 USC 1920 and Local Rule 7.3 |
| Attachments: | MTH Preliminary Response to Plymouth Bill of Costs _ WORKSHEET.docx |

Good Afternoon Dan and Rob:

Regarding Rob's e-mail, we object to Plymouth's entitlement to fees for multiple reasons and would also like to see the fee detail. We don't agree that the fee detail should be separated. Fees and entitlement should go together. Otherwise, the nature of the dispute is unclear. (Entitlement to what?) The fees themselves inform the dispute.

Regarding the bill of costs, at this time, we're not in a position to agree to Plymouth's bill of costs.

Plymouth has not provided a draft of the motion that Plymouth plans to file in support of its bill of costs. Nor has Plymouth provided any legal authority or analysis in support of the award of costs, which I believe is the purpose of a "good faith" conferral. Other than a bare cite to the procedural rule(s) and statute(s), which don't seem to be the best fit as applied to this particular matter. Therefore, Mt. Hawley is at a bit of a disadvantage in that it is forced to guess at the particular theory of recovery that might be pursued by Plymouth as to each cost.

Without more information, we can't agree to the bill of costs, for reasons that include:

1.      Entitlement.

The contract that Plymouth entered into with Mt. Hawley, and to which it holds Mt. Hawley when favorable to Plymouth, expressly provides that Plymouth will bear its own costs in any litigation between the parties. The Policy's Insuring Agreement, as amended by the Defense and Tender of Limits endorsement, specifies "[a]ny insured will bear its own costs and legal fees in connection with . . . defending any suit or counterclaim brought by us against any insured for such fees or costs."

In addition, Mt. Hawley sought declaratory relief—a declaration that it could exercise an equitable remedy of recoupment to recover its defense costs---and essentially obtained a declaration that it could not. Therefore, Plymouth is not a traditional "prevailing" party.

2.      Specified costs.

Your bill doesn't differentiate between taxable or nontaxable costs. Your correspondence doesn't provide a specific theory as to why certain costs are recoverable.

We appreciate the explanation for why one of the costs amounted to $3K. Missing, though, was a legal theory in support of a claim for entitlement to this particular cost. It doesn't seem to fall under the taxable costs listed in 28 U.S.C.A. § 1920.

Regarding deposition transcripts, the statute makes an award of costs discretionary. *See* 28 U.S.C.A. § 1920, *Taxation of costs* ("A judge or clerk of any court of the United States may tax as costs the following: . . . (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;")

You don't provide any legal theory in support of exercising discretion in favor of awarding costs. Or even explain why each cost was "necessarily obtained." Some depositions had nothing to do with the case. Such as the deposition of the property underwriter and property claim 30/b/6 witness, or the inspector from Majestic. Even as to the depositions from the relevant witnesses, such as Mr. Kevin Brownell, the court didn't rely on those in reaching its ruling. Those transcripts don't seem to be "necessarily obtained" in the context of the particular ruling that was issued.

In the table above, we outline some of questions about the more questionable costs. Without conceding entitlement to any at this time.

3.        Equitable considerations

The equities don't seem to favor awarding costs here.

Mt. Hawley stepped up to protect its insured and paid its policy limits of $1M in response to a time limit demand from the Estate, and at Plymouth's urging. Mt. Hawley did so despite significant questions about the veracity of its insured. Questions which this action did not resolve. Nothing in the summary judgment order exonerates Plymouth for its failure to disclose the "Notice of Unsafe Building" and ongoing structural alterations to Mt. Hawley when Plymouth applied for insurance.

In addition, Plymouth abused the discovery process by using this suit as a vehicle to conduct discovery regarding an unrelated first-party property claim not in suit.

The court's allowance of certain discovery, such as a deposition of a 30/b/6 witness on the property claim, doesn't excuse the actual deposition taken by Plymouth, which belied Plymouth's argument about the reasons for same. Plymouth questioned the property 30/b/6 witness about: RCV, ACV, coinsurance, depreciation, debris removal, property claim handling guidelines, reserves for potential supplemental property claims, the amount of time reasonable to complete remaining repairs to receive reimbursement under the property policy, and appraisal. In sum, Plymouth took a full-blown property deposition, delving into matters with zero relevancy to the CGL claim, despite representing to the court that it needed discovery of the property claim only to uncover evidence relevant to the CGL claim.

Finally, Plymouth recovered up to $1M from a subcontractor who caused or contributed to the building collapse that crushed the decedent to death.  We believe Plymouth released that party's CGL insurer for bodily injury damages indemnified by Mt. Hawley alone. Yet, Plymouth has shared no portion of its recovery with Mt. Hawley. Plymouth actually refuses to disclose the details of this settlement, in violation of the Transfer of Rights provision.

\*\*\*

Dan, I'm happy to continue evaluating this matter if you want to provide any additional support for the bill of costs. I'm also happy to discuss if you'd like to set a call.
Thanks,
Fay



**Fay Ryan** | Partner | FL
Practice Group Leader, 3rd-Party Coverage
BUTLER WEIHMULLER KATZ CRAIG LLP
400 N. Ashley Drive | Suite 2300 | Tampa, FL 33602
Direct 813.594.5185 | Office 813.281.1900 | Mobile 813.245.2891

www.butler.legal      | email      | bio      | linkedin      | vCard      | location

---

**From:** Daniel Rosenthal <daniel@dbrlawfirm.com>
**Sent:** Thursday, November 20, 2025 1:17 PM
**To:** rob@friedmanpa.com; Fay Ryan <fryan@butler.legal>
**Cc:** Adam Topel <atopel@butler.legal>; Renee Natoli <renee@dbrlawfirm.com>
**Subject:** RE: MT. Hawley v. Plymouth Plaza: Costs Sought pursuant to 28 USC 1920 and Local Rule 7.3

Fay –

Good afternoon. I left a vmail for you this morning, calling to follow up on my and Rob's emails to you and inquire whether you agree or disagree with the relief requested in our separate emails.  Please let us know.

Much appreciated,
Daniel

Daniel B. Rosenthal, Esq.

**DBR Law, P.A.**
1900 Glades Road, Suite 270
Boca Raton, Florida 33431
(561) 853-0991 (work)
(561) 414-3622 (cell)
daniel@dbrlawfirm.com
www.dbrlawfirm.com

---

**From:** Robert Friedman <rob@friedmanpa.com>
**Sent:** Wednesday, November 19, 2025 10:26 AM
**To:** 'Fay Ryan' <fryan@butler.legal>
**Cc:** 'Adam Topel' <atopel@butler.legal>; Renee Natoli <renee@dbrlawfirm.com>; Daniel Rosenthal <daniel@dbrlawfirm.com>
**Subject:** RE: MT. Hawley v. Plymouth Plaza: Costs Sought pursuant to 28 USC 1920 and Local Rule 7.3

Fay, in follow up to Daniel's e-mail, we are also seeking attorneys' fees under both 626.9373 and 768.79. The FRCP and local rules allow us to seek a ruling as to entitlement to fees before submitting the fee detail, which is what we plan to do. I know we have discussed this before and you have stated your opposition but I just want to confirm that Mt. Hawley will be contesting our entitlement to fees under both statutes. Please confirm so that we can notify the court of your position when we file our motion. Thank you.

Robert H. Friedman
Friedman P.A.
340 Royal Poinciana Way, Suite 317-202
Palm Beach, FL 33480
Phone: 561-800-2110
Fax: 561-246-3413
www.friedmanpa.com
www.insurancelawflorida.com

---

**From:** Daniel Rosenthal <daniel@dbrlawfirm.com>
**Sent:** Monday, November 17, 2025 7:34 PM
**To:** Fay Ryan <fryan@butler.legal>
**Cc:** Adam Topel <atopel@butler.legal>; rob@friedmanpa.com; Renee Natoli <renee@dbrlawfirm.com>
**Subject:** MT. Hawley v. Plymouth Plaza: Costs Sought pursuant to 28 USC 1920 and Local Rule 7.3

Fay –

Good evening. We intend to seek our costs in accordance with 28 USC 1920 and Local Rule 7.3. I attach a draft costs form, to which we will attach our matrix of costs, above. All of the accompanying records of the referenced costs are contained within this dropbox file: https://www.dropbox.com/t/oK9uz9ASk4RRAIWS . Please note that the costs associated with the production of Elliot Katz documents were for Cole Scott to provide its files of his documents (which included many non-relevant documents) and then to have our vendor, Pictera, search those files for the thousands of pages we produced from Mr. Katz relevant to the lawsuit.

Please let us know whether you consent or object to our motion for costs in accordance with the attached documents.

Please copy Rob on all communications as I may be in trial.

Thanks,
Daniel

Daniel B. Rosenthal, Esq.
**DBR Law, P.A.**
1900 Glades Road, Suite 270
Boca Raton, Florida 33431
(561) 853-0991 (work)
(561) 414-3622 (cell)
daniel@dbrlawfirm.com
www.dbrlawfirm.com