**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

No. 0:22-cv-62333-RAR

MT. HAWLEY INSURANCE COMPANY,

       Plaintiff,

v.

PLYMOUTH PLAZA, LLC,

       Defendant.

_____/

**PLAINTIFF, MT. HAWLEY INSURANCE COMPANY'S**
**RULE 26 INITIAL DISCLOSURES**

     Plaintiff, Mt. Hawley Insurance Company ("Mt. Hawley"), pursuant to Federal Rule of Civil Procedure 26(a)(1), serves this initial disclosure to Defendant, Plymouth Plaza, LLC ("Plymouth"). This disclosure is made without the benefit of complete discovery, so Mt. Hawley reserves the right to supplement or amend it as discovery continues and as additional information becomes available.

**1.**    **Federal Rule 26(a)(1)(A)(i) Disclosures: List of Witnesses**

     Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires the disclosure of the "name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."

     The following individuals or entities may have discoverable information relevant to Mt. Hawley's claims:

| Name of Person | Address and Telephone Number | Area of Knowledge |
|---|---|---|
| Corporate representative or records custodian for SLB Insurance Group* | 5900 Hiatus Road<br>Fort Lauderdale, Florida 3332 | Upon information and belief, knowledge as to Plymouth's application for the Mt. Hawley Policy |
| Corporate representative or records custodian of Mt. Hawley | c/o Fay Ryan, Esq.<br>Butler Weihmuller Katz Craig LLP<br>400 N. Ashley Drive, Suite 2300<br>Tampa, Florida 33602<br>*Counsel for Mt. Hawley* | Knowledge as to Plymouth's insurance application, the claim, the claim records, the underwriting of the Mt. Hawley Policy, and Mt. Hawley's underwriting practices |
| Anyone involved in drafting the release in the underlying *Klock* action | To be determined | Knowledge as to the circumstances surrounding the drafting and execution of the underlying release |
| Jason Cantrell | City of Clearwater<br>Planning & Development Department<br>P.O. Box 1718<br>Clearwater, FL 33758<br><br>Municipal Services Building<br>100 South Myrtle Ave.<br>Clearwater, FL 33756<br>727-562-4567 | Knowledge of the City of Clearwater's garage inspections and Notice of Unsafe Building and Unsafe Structure Report |
| Ed Forgue | Forgue General Contracting<br>122 E Main Street<br>Lakeland, FL 33801 | Knowledge of the garage's structural defects and Plymouth's renovation project |
| Mark Korson | Korson & Sons Builders<br>4100 W. Kennedy Blvd.<br>Suite 322-B<br>Tampa, FL 33609 | Knowledge of the garage's structural defects and the notice provided to Plymouth |
| Demorris Matthews | To be determined | Knowledge of the garage renovation, the nature of Klock's work, and the circumstances surrounding the garage collapse |
| Alexis Klock | 812 Scenic Heights Dr. | Upon information and |

| | Brandon, FL 33511 | belief, knowledge of the garage renovation, the nature of Klock's work, and the circumstances surrounding the garage collapse |
|---|---|---|
| All persons disclosed and identified by any other party to this litigation | See other initial disclosures | See other initial disclosures |

By listing the foregoing individuals, Mt. Hawley does not represent that it intends to call all of them at trial or otherwise offer their testimony in this case, and Mt. Hawley does not waive any objections to Plymouth calling them at trial or offering their testimony. Mt. Hawley discloses these individuals in an abundance of caution and in the interest of transparency.

**2.** **Federal Rule 26(a)(1)(A)(ii) Disclosures: List of Documents and Things**

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires each party to disclose or produce "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."

The following documents, electronically stored information, or tangible things may be used to support Mt. Hawley's claims:

| Category of Document, Electronically Stored Information, Item or Tangible Thing | Location of Document, Electronically Stored Information, Item or Tangible Thing |
|---|---|
| Mt. Hawley Insurance Policy No. CGL00027460, issued to Plymouth Plaza, LLC | In possession of all parties |
| All pleadings in the underlying state-court | In possession of all parties |

3

| | |
|---|---|
| action, *Klock v. Plymouth Plaza, LLC, Defendants*, No. 50-2022-CA-001551-XXXX-MB, in the 15th Judicial Circuit in and for Palm Beach County, Florida | |
| Plymouth Plaza, LLC's insurance application | In possession of all parties |
| The *Klock* demand letter, issued May 20, 2022, and all documents attached to and referenced therein | In possession of all parties |
| All coverage position letters issued to Plymouth Plaza, LLC by Mt. Hawley | In possession of all parties |
| Communications to and from Mt. Hawley and the Plymouth, Mt. Hawley and the *Klock* plaintiffs' lawyers, and Mt. Hawley and Cole, Scott & Kissane, P.A., regarding the defense and settlement of the underlying *Klock* case | To be determined |
| The City of Clearwater's Case Summary documenting correspondence and site visits | In possession of all parties |
| The City of Clearwater's July 19, 2021 Notice of Unsafe Building and Unsafe Structure Report | In possession of all parties |
| Report prepared by Dansco Engineering, dated October 19, 2021 | In possession of all parties |
| Underlying defense fee and cost invoices by Cole, Scott & Kissane, P.A. | In Mt. Hawley's possession |
| Release executed by the *Klock* plaintiffs in favor of Mt. Hawley | In possession of all parties |
| Documentation of Mt. Hawley's $1-million payment to settle the *Klock* action | In possession of all parties |
| All discovery obtained in this litigation through the parties | To be determined |
| All discovery obtained in the underlying *Klock* action | To be determined |
| All records/data received from any non-party during the course of this litigation | To be determined |
| All documents listed by all other parties in their initial disclosures.  By listing these documents, Mt. Hawley does not waive the right to object to the admissibility or relevance of said documents. | See other initial disclosures |

Discovery is in the initial stages.  Mt. Hawley's ongoing investigation and discovery may yield additional responsive information.  Mt. Hawley reserves the right to

supplement or amend these disclosures as new information is obtained through ongoing discovery.

### 3.   Federal Rule 26(a)(1)(A)(iii) Disclosures: Computation of Damages

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires the production of "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

In satisfaction of these requirements, Mt. Hawley states that it seeks recoupment of underlying defense fees and costs totaling approximately $58,041.35, and recoupment of the $1-million indemnity payment made to settle the *Klock* case.

### 4.   Federal Rule 26(a)(1)(A)(iv) Disclosures: Liability Insurance

Federal Rule of Civil Procedure 26(a)(1)(A)(iv) requires a party to produce "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

In satisfaction of the above requirements, Mt. Hawley states that policy no. GGL00027460 is attached to the operative Corrected Seconded Amended Complaint as exhibit 38-4.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/   Fay E. Ryan
 FAY E. RYAN, ESQ.
 Florida Bar No.:  0965944
 fryan@butler.legal
 ADAM M. TOPEL, ESQ.
 Florida Bar No.:  113916
 atopel@butler.legal
 Secondary:  bmoore@butler.legal
 400 North Ashley Drive, Suite 2300
 Tampa, Florida 33602
 Telephone: (813) 281-1900
 Facsimile: (813) 281-0900
 *Counsel for Plaintiff, Mt. Hawley Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served to all counsel of record on June 15, 2023 via email.

/s/  Fay E. Ryan
FAY E. RYAN, ESQ.